UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DALVONN SUTTON,

          Plaintiff,                    Case No. 1:24-cv-1356

v.                                         Honorable Paul L. Maloney

UNKNOWN WHITE et al.,

          Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court will grant Plaintiff leave to proceed *in forma pauperis*. (ECF No. 2.) Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's official capacity claims against Defendants, as well as any personal capacity claims for declaratory relief Plaintiff asserts. Plaintiff's personal capacity Eighth Amendment claims for damages against Defendants remain in the case.

**Discussion**

## I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Saginaw Correctional Facility (SRF) in Freeland, Saginaw County, Michigan. The events about which he complains, however, occurred at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan. Plaintiff sues DRF Corrections Officers Unknown White and Unknown Edlinger in their official and personal capacities. (Compl., ECF No. 1, PageID.2–3.)

Plaintiff alleges that on May 17, 2024, he was on non-bond status pending a major misconduct hearing. (*Id.*, PageID.6.) On that date, Plaintiff was scheduled for a mental health evaluation after raising complaints of "suicidal thoughts and ideations." (*Id.*) Plaintiff alleges that he stopped Defendants White and Edlinger during rounds and asked why he was being denied medical attention. (*Id.*) Both Defendants "ignored his questions and complained . . . concerning the suicidal ideations he was scheduled to be seen for." (*Id.*) Instead, Plaintiff alleges that both Defendants told Plaintiff that he was not going for his evaluation and that he could kill himself. (*Id.*) Plaintiff told both Defendants that "he was having a nervous breakdown, breathing issues[,] and wanted to die." (*Id.*) Both Defendants ignored Plaintiff and continued on their rounds. (*Id.*)

Based on the foregoing allegations, Plaintiff avers that his Eighth Amendment rights were violated. (*Id.*, PageID.4.) Plaintiff seeks a declaratory judgment, as well as compensatory and punitive damages. (*Id.*, PageID.9.)

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint

2

need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

      A.    **Official Capacity Claims**

Plaintiff sues Defendants in their individual and official capacities. (Compl., ECF No. 1, PageID.2–3.) A suit against an individual in his or her official capacity is equivalent to a suit

against the governmental entity; in this case, the MDOC. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity, or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). Moreover, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will*, 491 U.S. at 66); *Harrison*, 722 F.3d at 771.

Here, Plaintiff seeks compensatory and punitive damages, as well as declaratory relief. (Compl., ECF No. 1, PageID.9.) However, an official capacity defendant is absolutely immune from monetary damages. *See Will*, 491 U.S. at 71; *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998). And, as noted above, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages. Therefore, Plaintiff fails to state a claim upon which relief may be granted as to his monetary damages claims against the Defendants employed by the MDOC in their official capacities.

Although damages claims against state official capacity defendants are properly dismissed, an official capacity action seeking injunctive or declaratory relief constitutes an exception to sovereign immunity. *See Ex Parte Young*, 209 U.S. 123, 159–60 (1908) (holding that the Eleventh Amendment immunity does not bar prospective injunctive relief against a state official). The

United States Supreme Court has determined that a suit under *Ex Parte Young* for prospective injunctive relief should not be treated as an action against the state. *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985). Instead, the doctrine is a fiction recognizing that unconstitutional acts cannot have been authorized by the state and therefore cannot be considered done under the state's authority. *Id.*

Nonetheless, the Supreme Court has cautioned that, "*Ex parte Young* can only be used to avoid a state's sovereign immunity when a 'complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Ladd v. Marchbanks*, 971 F.3d 574, 581 (6th Cir. 2020) (quoting *Verizon Md. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)). Past exposure to an isolated incident of illegal conduct does not, by itself, sufficiently prove that the plaintiff will be subjected to the illegal conduct again. *See, e.g.*, *Los Angeles v. Lyons*, 461 U.S. 95 (1983) (addressing injunctive relief); *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (addressing declaratory relief). A court should assume that, absent an official policy or practice urging unconstitutional behavior, individual government officials will act constitutionally. *Lyons*, 461 U.S. at 102.

The Sixth Circuit has held that transfer to another correctional facility moots a prisoner's injunctive and declaratory claims. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (holding that a prisoner-plaintiff's claims for injunctive and declaratory relief became moot when the prisoner was transferred from the prison about which he complained); *Mowatt v. Brown*, No. 89-1955, 1990 WL 59896 (6th Cir. May 9, 1990); *Tate v. Brown*, No. 89-1944, 1990 WL 58403 (6th Cir. May 3, 1990); *Williams v. Ellington*, 936 F.2d 881 (6th Cir. 1991). Here, Plaintiff is no longer confined at DRF, which is where he avers that the Defendants are employed. Thus, Plaintiff cannot maintain his claims for declaratory and injunctive relief against the DRF Defendants.

Accordingly, for the reasons set forth above, Plaintiff's official capacity claims against Defendants will be dismissed.[1]

### B.   Personal Capacity Eighth Amendment Claims

Plaintiff contends that Defendants violated his Eighth Amendment rights by demonstrating deliberate indifference to Plaintiff's suicidal thoughts and ideations, telling Plaintiff to kill himself, and denying Plaintiff the opportunity to go to his scheduled mental health evaluation.

The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976); *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer*, 511 U.S. at 834. To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004); *see also Phillips v. Roane Cnty.*, 534 F.3d 531, 539–40 (6th Cir. 2008). The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind" in denying medical care. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

With respect to Eighth Amendment claims concerning suicidal tendencies, this Court has noted:

> The Sixth Circuit has held that "[a]n inmate's psychological needs may constitute serious medical needs, especially when they result in suicidal tendencies." *Troutman v. Louisville Metro Dep't of Corrs.*, 979 F.3d 472, 482 (6th Cir. 2020) (quoting *Horn v. Madison Cnty. Fiscal Ct.*, 22 F.3d 653, 660 (6th Cir. 1994)). With

---

[1] For the same reason that Plaintiff's official capacity claims for declaratory relief are subject to dismissal, any personal capacity claims seeking declaratory relief will be dismissed as well.

respect to suicidal tendencies, the Sixth Circuit has stated: "A plaintiff meets the objective prong of the [deliberate indifference] analysis by showing that the inmate *showed suicidal tendencies* during the period of detention or that he '*posed a strong likelihood of another suicide attempt.*'" *Id.* at 483 (emphasis added) (quoting *Perez v. Oakland Cnty.*, 466 F.3d 416, 423 (6th Cir. 2006); *Linden v. Washtenaw Cnty.*, 167 F. App'x 410, 416 (6th Cir. 2006)). This is because "[s]uicide is a difficult event to predict and prevent and often occurs without warning." *Gray v. City of Detroit*, 399 F.3d 612, 616 (6th Cir. 2005).

The Sixth Circuit has concluded that steps to prevent suicide are constitutionally required only in cases where "it [i]s 'obvious that there [i]s a 'strong likelihood that [the] inmate w[ill] attempt suicide[.]'" *Troutman*, 979 F.3d at 483 (quoting *Downard for Estate of Downard v. Martin*, 968 F.3d 594, 600 (6th Cir. 2020)). "This is a high bar[.]" *Downard*, 968 F.3d at 601. Thus, the subjective component "typically requires evidence that the inmate was already on suicide watch, previously attempted suicide under similar conditions, or recently expressed a desire to self-harm." *Id.* (citing *Grabow v. Cnty. of Macomb*, 580 F. App'x 300, 309 (6th Cir. 2014)). Moreover, "a prison official's duty to recognize an inmate's risk of committing suicide has a temporal component." *Andrews v. Wayne Cnty., Mich.*, 957 F.3d 714, 722 (6th Cir. 2020). To be held liable, "a prison official must be cognizant of the significant likelihood that an inmate may imminently seek to take his own life." *Linden*, 167 F. App'x at 421 (quoting *Estate of Novack ex rel. Turbin v. Cnty. of Wood*, 226 F.3d 525, 529 (7th Cir. 2000)).

*Gresham v. Awomolo*, No. 1:24-CV-242, 2024 WL 1326640, at *11 (W.D. Mich. Mar. 28, 2024).

The Court concludes that at this point in the litigation, Plaintiff has alleged sufficient facts to support his personal capacity Eighth Amendment claims for damages against Defendants premised upon their indifference to Plaintiff's suicidal ideations, telling Plaintiff to kill himself, and prohibiting Plaintiff from attending his scheduled mental health evaluation. These claims, therefore, will not be dismissed on initial review.

## Conclusion

The Court will grant Plaintiff leave to proceed *in forma pauperis* (ECF No. 2). Moreover, having conducted the review required by the PLRA, the Court will dismiss Plaintiff's official capacity claims, and any personal capacity claims seeking declaratory relief, for failure to state a

7

claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's personal capacity Eighth Amendment claims for damages against Defendants remain in the case.

An order consistent with this opinion will be entered.


Dated:   March 18, 2025                                  /s/ Paul L. Maloney
                                                                           Paul L. Maloney
                                                                           United States District Judge